NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARKIRAT SINGH, | No. 20-72856 |
| Petitioner, | Agency No. A087-625-564 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2021[**]
San Francisco, California

Before: SILER,[***] CHRISTEN, and FORREST, Circuit Judges.

Petitioner Harkirat Singh seeks review of the Board of Immigration Appeals'

(BIA's) decision affirming the Immigration Judge's (IJ's) denial of his requests for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

asylum and withholding of removal. He appeals the IJ's and BIA's determination that he was not targeted based on a protected ground and attempts to raise a pattern and practice claim not brought before the IJ.

Singh's mistreatment by Ashuk Kumar, a local politician in India, was motivated by Kumar's embarrassment over a business dispute. Singh failed to show any nexus between this mistreatment and a protected ground. He did not raise a pattern and practice claim before the IJ and, in failing to do so, waived this claim. We deny the petition for review.

Where the BIA affirms the IJ's decision, we review both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Factual findings are reviewed under the substantial evidence standard and are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009).

1.     To qualify for asylum or withholding of removal, Singh must show past persecution or a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004) (citation omitted). For asylum, he must demonstrate that the protected ground was "one central reason" for his past or feared harm. 8 U.S.C § 1158(b)(1)(B)(i); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2008). For withholding of removal, he must show only that the

2

protected ground was "a reason" for the harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358-60 (9th Cir. 2017).

The nexus between a protected ground and the harm is "critical" under the statute, *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992), but "[p]urely personal retribution is, of course, not persecution on account of [a protected ground]," *Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000). Here, Kumar, a powerful politician, refused to make payments on a loan and used the police to punish Singh in retaliation for what Kumar perceived as an insult. The IJ and BIA reasonably concluded that Singh failed to show that Kumar targeted him based on his political opinion, and the record does not demonstrate otherwise. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(C); *Elias-Zacarias*, 502 U.S. at 483-84. There is no evidence that Kumar was motivated by anything other than "personal retribution" when he targeted Singh. *See Grava*, 205 F.3d at 1181 n.3.

Indeed, Singh acknowledged, through counsel, that his mistreatment was "pure retribution for maybe embarrassing him in front of some business associates." We have held that "mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim." *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013). The record fails to show that Kumar knew, or was concerned with Singh's political beliefs or any characteristic other than his attempt to collect on a bank loan.

2.      Where persecution in a petitioner's home country is "so widespread as to constitute a 'pattern or practice of persecution' against a particular group, the group member need not show an individualized targeting in order to qualify for asylum." *Hoxha v. Ashcroft*, 319 F.3d 1179, 1183 n.6 (9th Cir. 2003) (quoting 8 C.F.R. § 208.13(b)(2)(iii)).  This is a distinct legal theory requiring a separate factual analysis.  *See* 8 C.F.R § 1208.13(b)(2)(iii); 8 C.F.R. § 1208.16(b)(2).  A petitioner must exhaust this claim before the IJ, or it is deemed waived.  *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (B.I.A. 2007).  The BIA may not engage in factfinding while deciding appeals.  8 C.F.R. § 1003.1(d)(3)(iv).

Singh did not raise a pattern and practice claim before the IJ.  Consequently, the BIA properly declined to consider Singh's pattern or practice claim.  Singh did not fail in his total case.  The IJ granted him relief under the Convention Against Torture (CAT) based upon his mistreatment by the police in India.

**PETITION FOR REVIEW IS DENIED.**